[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves co-terminous petitions filed by the Department of CT Page 7033 Children and Families (hereinafter the "Department") along with a Motion for Order of Temporary Custody (hereinafter "OTC"), which was granted on July 9, 2001. At that time the Court made a finding that reasonable efforts to prevent or eliminate the need for removal of said child from the home were not possible.
The grounds alleged on the neglect petition filed on July 9, 2001 are that Frank was being neglected in that he was being denied proper care and attention, physically, educationally, emotionally or morally, that he was being permitted to live under conditions, circumstances or associations injurious to his well being; and that he was uncared for in that his home could not provide the specialized care which his physical, emotional or mental condition required. The termination petition filed on July 9, 2001, seeks to terminate the parental rights of Tracey W. and Orlando M., to their child Frank W., date of birth July 2001 on the grounds that Tracey W. is the mother of a child, under the age of seven years who is neglected or uncared for, has failed, is unable or unwilling to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child, she could assume a responsible position in the life of the child, and mother's parental rights as to another child were previously terminated pursuant to a petition filed by the Department. On November 15, 2001, the Department filed an amendment to the termination petition alleging the Frank has been abandoned by father in the sense that the father failed to maintain a reasonable degree of interest, concern or responsibility as to his welfare.
A default trial was held on February 14, 2002. The Court finds that mother and father were duly served, and were represented by court appointed counsel, who were present in court. Neither mother nor father appeared for the trial. There have been five hearings on these petitions for which mother's attendance was required, and three case status/pretrial conferences. Mother attended two hearings, and two conferences. Father has attended no court hearings and one conference. The court has jurisdiction over this matter; there is no pending action affecting custody of this child in any other court; and reasonable efforts have been made to locate the mother and father and reunify them with their son.
This Court, having reviewed the verified petitions, summaries of facts and social studies, and having heard the testimony of Donna Maitland, Department social worker, makes the following factual findings and reasonable inferences supported by those findings:
The mother, Tracey W. has had involvement with the Department and the Superior Court for Juvenile Matters over the course of several years with CT Page 7034 respect to her other biological children due to issues of physical neglect, substance abuse, homelessness, criminal activity and lack of supervision. In addition, previous children have tested positive for cocaine at birth. All of said children were removed from mother's care. The Court has on more than one occasion, informed mother that she needs to address her issues in order to be reunited with her children.
On March 13, 2001, mother tested positive for cocaine and admitted to drinking 4 forty-ounce containers of beer prior to being admitted to St. Francis Hospital. Mother was pregnant with Frank at this time. Mother was admitted for detoxification at St. Francis Behavioral Health in Portland, CT and was advised to participate in an inpatient substance abuse treatment program. Mother failed to participate in the recommended program. Frank was born on July 2001, testing positive for cocaine in his system. On July 4, 2001, while still hospitalized, mother tested positive for cocaine. The Department was granted temporary custody of Frank and he has been in their care ever since.
Both mother and father were offered bi-weekly visits with their child by the Department. Father has seen Frank one time since his birth. Mother last saw Frank in November, 2001 when he was taken to prison by the Department for a visit. After her release from prison mother made two appointments with the Department to visit her son and kept neither one of them. Mother has not involved herself in any services, including substance abuse treatment, since Frank's placement; nor has she presented with stable, appropriate housing.
On July 14, 1994, mother's parental rights were terminated as to Keonna W., Keon W. and Imari W. pursuant to petitions filed to the Department. The grounds upon which the Court terminated her parental rights were abandonment and failure to rehabilitate as to all three children and no ongoing parent-child relationship as to Imari. On January 13, 2001, mother's parental rights were terminated as to Ashante W. pursuant to a petition filed by the Department. The ground upon which the court terminated mother parental rights was failure to rehabilitate, having had her parental rights to previous children terminated.
The father, Orlando M. has had one visit with his son, on August 2, 2001, and has not requested nor attended any visitation with him since. Mr. M. has offered other relatives as placement resources for Frank, but has never presented himself as a resource. He has failed to provide physical, emotional of financial support for his son. He has failed to maintain contact with the Department to inquire about the well being of his son. He has failed to keep the Department informed of his whereabouts. He has failed to follow through with any services recommended by the Department or the Court. CT Page 7035
On January 29, 2002, the Department social worker sent both parents letters informing them of the trial date. The letters were not returned, and neither parent attended the trial. The Department social worker spoke to mother prior to the trial and offered her a ride to court. Mother refused.
ADJUDICATION-NEGLECT PETITION
In order for this Court to adjudicate the child as neglected or uncared for, this Court must be convinced by a fair preponderance of the evidence that the child has been neglected or uncared for as of the date the petition was filed or last amended. In re Juvenile appeal (84-AB),192 Conn. 254, 263, 471 A.2d 1380 (1984); Conn. Practice Book Section 1043, as amended.
The evidence in this case established by a fair preponderance of the evidence that as of July 9, 2001, Frank W. was neglected in that he was permitted to live under conditions, circumstances or associations injurious to his well being; was being denied proper care and attention and was uncared for in that his parents' homes could not provide the specialized care which he required. At the time of his birth, Frank and his mother tested positive for cocaine. The affidavit of Bonnie Walsh, LCSW at St. Francis Hospital, states that mother admitted to not being able to take care of her baby, stating she needed to get into a program "to get herself together". Mother was observed handling Frank roughly, insensitive to the fragility of an infant; and Frank would return from the nursery after being in mother's care dirty and with soiled diapers. At the time of the filing of the petition, father's whereabouts were unknown.
ADJUDICATION-TERMINATION
With respect to the statutory grounds for termination of parental rights, the Court finds, by clear and convincing evidence, that as of November 15, 2001, this child has been abandoned by his father, in that he has not maintained a reasonable degree of interest, concern or responsibility for him. "A parent must maintain a reasonable degree of interest in the welfare of his of her child. `Maintain' implies a continuing reasonable degree of concern." In re Michael M.,29 Conn. App. 112, 614 A.2d 832 (1992) quoting In re Rayna M.,3 Conn. App. 23, 37-38, 534 A.2d 897 (1987). Father has not maintained contact with the Department to inquire about his son's well being, or consistently kept his whereabouts known to them. Father has had one visit with his son since he went into placement. He has not participated in services or presented himself as a resource for Frank. CT Page 7036
The petitioner has established by clear and convincing evidence that Tracey W. is the mother of a child under the age of seven who is neglected or uncared for; and that she has failed to achieved a degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child, she could assume a responsible position in the life of the child; and that her parental rights to another child were previously terminated pursuant to a petition filed by the Department. Frank W. is under the age of seven and has been adjudicated as neglected and uncared for. Mother's parental rights as to Ashante W., Keonna W., Keon W. and Imari W. were previously terminated pursuant to petitions filed by the Department. Throughout the years of involvement the Department has had with the mother regarding Frank and her other children, Specific Steps and recommendations for services she should participate in have been offered by the Court and the Department in order to assist mother in becoming a competent, safe and stable parent to her children. Mother's circumstances have not changed in that she has continued to abuse substances, continues to be involved in the criminal justice system and continues to be unable to maintain stable housing.
REQUIRED FINDINGS
The Court makes the following factual findings based upon the clear and convincing evidence required by C.G.S. Sec. 17a-112 (e):
(1) Appropriate and timely services were provided by the Department to mother, including parenting classes, in-patient and out-patient substance abuse programs, visitation, individual counseling and shelter placements. These were appropriate services under the circumstances of this case. The Department has been unable to work with father due to his failure to maintain contact with the Department, involve himself in any services and failure to be a resource for his child.
(2) The court finds by clear and convincing evidence that the Department made reasonable efforts to reunify this child with his mother and father. Mother and father failed to follow through with virtually all efforts.
(3) Reasonable and realistic goals were set by the Department. It is certainly a reasonable goal to be set for a parent of an infant, that said parent visit their child and engage in interventions which will enable that parent to safely and effectively parent the child. Mother followed through with none of the goals set for her and even refused a ride to court on the day of the trial on whether her parental rights should be terminated. Father did nothing other that offer others as CT Page 7037 resources for his child.
(4) Regarding the child's emotional ties to his mother, Frank does not have a connection or bond with his mother or his father. It is highly unlikely that he recognizes them as his parents in that he has only had one contact with his father when he was one month old; and last had contact with his mother in November, 2001. He has never been in the care of either of his parents. Frank is bonded to his foster parents, who meet his needs and give him excellent care.
(5) Frank will be eleven months old on June 3, 2002.
(6) Regarding efforts of the mother and father to adjust their circumstances, conduct or conditions to make it is the best interests of the child to be placed in either of their homes in the foreseeable future, and (A) the extent to which the mother and father have maintained contact with the child as part of an effort to reunite the child with the them, and (B) the maintenance of regular contact or communications with the guardian or other custodian of the child. Since Frank's placement neither mother nor father have successfully followed through with any of the services offered them to assist them in reuniting with their child. Father failed to keep his whereabouts known to the Department; failed to meet with the social worker when requested; and has never offered himself as a resource for Frank. Mother has been offered numerous services to address the problems which have led to the removal of all of her children. She has been unwilling or unable to successfully address her problems regarding substance abuse, stable housing and criminal activity.
(7) No inappropriate conduct is noted on the part of anyone which would have prevented the mother or father from having a meaningful relationship with Frank. The Department took reasonable steps to encourage the mother and father to have such a relationship with their son. There was no evidence that economic circumstances prevented mother or father from having a meaningful relationship with their child.
DISPOSITION
Frank has been in the care of the Department since he was six days old. He has never been in the care of either parent. He has had one contact with his biological father when he was one month old, and his last contact with his biological mother was in November, 2001. He receives all of his nurturing from his foster parents and is very bonded to them. He requires stability which his mother and father are unable or unwilling now, or within a reasonable period of time, to provide for him. CT Page 7038
It is, therefore, in his best interest that a termination of parental rights enter with respect to the mother Tracey W., and the father Orlando M., and accordingly, a termination of their parental rights is ordered. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent. A permanency plan for this child shall be submitted within thirty (30) days. All required reports and motions shall be filed by the Commissioner in accordance with applicable state and federal law.
Patricia Lilly Harleston, Judge